# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONAS N. STRICKLAND**<br>1806 Valley Terrace<br>Washington, D.C. 20032<br><br>          Plaintiff<br>v.<br><br><br>CARLOS M. GUTTIEREZ<br>Secretary<br>U. S. Department of Commerce<br>1401 Constitution Avenue NW<br>Washington, DC 20230<br><br>and<br><br>RACHEL ONDRIK<br>Office of Inspector General<br>Atlanta Regional Office of Audits<br>Atlanta Resident Office of Investigations<br>The Summit Building<br>401 W. Peachtree St., NW<br><br>and<br><br>KIRK YAMATANI<br>Office of Inspector General<br>Atlanta Regional Office of Audits<br>Atlanta Resident Office of Investigations<br>The Summit Building<br>401 W. Peachtree St., NW<br><br>          Defendants | CASE NO:<br><br><br><br><br><br>**COMPLAINT**<br>(Jury demand endorsed hereon) |

For his cause of action against these Defendants, Plaintiff Jonas N. Strickland states:

-1-

## I. INTRODUCTION

1. Plaintiff alleges below, and will prove at trial, that Defendant Secretary of the Dept. of Commerce employed the Plaintiff, and that Plaintiff was an excellent employee. Plaintiff suffered adverse employment action based upon his race when he was arrested at work, placed in handcuffs, and removed from his place of employment, based upon his race. No other patent examiner who was similarly under investigation was treated or disciplined in such a manner for issues related to time and attendance. The treatment of Plaintiff placed him below a level of treatment with non-black employees who had issues that were questioned by the Defendant employer, resulting in adverse employment consequences to Plaintiff.

## II. THE PARTIES

2. Plaintiff Jonas Strickland is at all times material hereto an adult African-American male citizen of the District of Columbia. Plaintiff had been employed by Defendant Agency of the U.S. Government for six years and three months, most recently as a Patent Examiner, a GS-1224-13 until his termination on September 23, 2005.

3. The Defendant is the Secretary of the Department of Commerce, an independent United States government agency, directly responsible to Congress. At the time of the discriminatory conduct by the Defendant, Stanley Silverman, a Caucasian male, Supervisory Patent Examiner was Plaintiff's immediate supervisor. Margaret Focarino, Deputy Commissioner for Patent Operations, was the deciding official in Plaintiff's termination.

4. Defendant Rachel Ondrik is employed as a special agent of the U.S. Department of Commerce. She is sued in her official capacity and individually.

5. Defendant Kirk Yamatani is employed as a special agent of the U.S. Department of Commerce. He is sued in his official capacity and individually.

## III. JURISDICTION and VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §

2000e-5(f), and 28 USC 1346.  Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(a)(2) because Defendant maintains its headquarters in this District. Additionally, the common nucleus of operative facts which give rise to this cause of action occurred within this District.

### IV. CAUSE OF ACTION

5. This action is brought by Plaintiff to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., The Civil Rights Act of 1991; and, 42 U.S.C. § 1981.

6. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

7. Defendant has discriminated against Plaintiff on the basis of his race.

8. Defendant engaged in disparate treatment relating to career matters that were denied to Plaintiff, but were offered to others.

9. On June 2, 2005, Plaintiff was at his place of employment at the Remsen Building of the United States PTO campus Carlyle Campus in Alexandria, Virginia.  He was suddenly placed in handcuffs by special agents of the Office of the Inspector General of the Department of Commerce and arrested and handcuffed by officers of the Alexandria City Police Department pursuant to an arrest warrant issued by the Commonwealth of Virginia.  The warrant charged Plaintiff with wrongfully and feloniously embezzling funds from the U.S. government.

10. On August 1, 2005, Plaintiff was indicted in the Circuit Court of the City of Alexandria for unlawfully and feloniously, with the intent to defraud the United States of U.S. currency having a value of fourteen thousand one hundred fourteen dollars ($14,114.00.), as the

result of claiming having worked 387 hours of work (at a pay rate of $36.47/hour), at the Agency when in fact, Plaintiff had not worked those hours. Plaintiff, when confronted with this discrepancy, had offered to work the time to correct the differences in pay and time actually worked.

    11. On November 10, 2005, Plaintiff was convicted by the Commonwealth of Virginia on the charge of grand larceny by false pretense. Plaintiff was sentenced to 45 days of incarceration, two years of supervised probation, one hundred hours of community service, and ordered to pay restitution of $14,114.00.

    12. Plaintiff was a member of a group of eight patent examiners who were referred to the Office of Inspector General for investigation of work irregularities. Two members of this group were male, and six were female.

    13. Disparate treatment existed in the manner in which the arrest of the Plaintiff was conducted. Plaintiff was the only person who was under investigation and was arrested in an orchestrated event in the workplace. This public display of the arrest was done for the purpose of embarrassing the Plaintiff in the place that he worked. The arrest was choreographed in the manner that it was for the purpose of demonstrating that a black man was handcuffed and marched off of the premises under armed escort. This series of events could have and should have, been conducted in a less visible manner, consistent with the arrests and apprehensions of each of the other seven individuals. Plaintiff was not subject to arrest because he was a black African American. Plaintiff was arrested at this place of employment, placed in handcuffs, and physically escorted in handcuffs by armed officers from the Defendant PTO because he was black. This arrest in this manner, at this time and place, could not have been choreographed

without the cooperation, direction, and control of the Defendant. This arrest could have been effectuated in a very simple and less public and humiliating manner. This arrest of Plaintiff was done in the manner that it was carried out based upon Plaintiff's race.

14. Plaintiff's union representative Larry Orevsky had advised Plaintiff that he had observed cases similar to Plaintiff's case, which cases were resolved by discipline within the department.

15. Conditions precedent to the filing of this suit have been performed or have occurred. Based upon these violations of statute, Plaintiff timely filed a charge of discrimination as EEOC No. 570-2007-00009X, and Dept. Of Commerce Agency Case no: 05-56-58. In that charge of discrimination, Plaintiff alleged that he had been subjected to the above described discrimination during his employment with the Defendant. That Charge sets forth the fact that Defendant has discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; and, 42 U.S.C. § 1981.

16. As a direct and proximate result of the discriminatory conduct in his employment by the Defendant, the Plaintiff has been damaged. Plaintiff has incurred lost wages, lost employment opportunities in the form of promotions and career advancements, lost pension, and other employment benefits.

**SECOND CAUSE OF ACTION**
(Breach of contract)

17. Plaintiff incorporates by reference each and every allegation made in in ¶ ¶ 1 through 15 as though fully rewritten herein.

18. On or about January 27, 2005, Plaintiff and Defendant , had entered into an oral

contract. This oral contract was entered into during a meeting with two agents of Defendant's Office of Inspector General, U.S. Dept. of Commerce, Atlanta, Georgia, Rachel Ondrik and Kirk Yamatani. Based upon the promise made by these two agents of Defendant, Plaintiff exchanged with them a signed statement of what occurred and did everything they asked, as they promised Plaintiff that "everything will be ok, we will make sure we work something out so that you can pay the time back." Immediately after that meeting, Plaintiff came to work regularly and worked extra hours daily in exchange for the promise made to make the time up. This procedure occurred for a little more than four months.

19. This statement made by the OIG, and the fact that Plaintiff did commence to work the promised extra hours, and that the USPTO accepted Plaintiff's extra hours of work in exchange for the benefit of the promise of working something out so that Plaintiff can pay back the time, is the essence of the formation of a contract.

20. Once Plaintiff commenced working the extra hours, and USPTO accepted these extra hours, the Plaintiff and Defendant had entered into an oral contract. The basis of this promise is the offer and acceptance of the consideration for the promise.

21. Plaintiff had commenced performance of his duties and had intended to fully performed his duties and responsibilities pursuant to the terms of the subject oral contract, but the breach of the contract by Defendant has prevented full performance..

22. The Defendant had refused to honor its responsibilities that were due and owing pursuant to the contract.

23. As a direct and proximate result of the breach of contract, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION
(Fraud in the inducement)

24. Plaintiff incorporates by reference each and every allegation made in ¶¶ 1 through 23 as though fully rewritten herein.

25. Defendant fraudulently induced the Plaintiff into entering into the oral agreement by making the relevant statements and by inducing Plaintiff into working the extra overtime hours as consideration for the contract.

26. Based upon Defendant's misrepresentations to Plaintiff, Plaintiff agreed and performed pursuant to the terms of the oral contract, Defendant made these misrepresentations falsely, with knowledge of the falsity of these statements.

27. Defendant did not perform its part of the contract and did not intend to perform as agreed upon, as Defendant never possessed the intent to perform as agreed upon in the subject oral contract.

28. Plaintiff believed Defendant when Defendant told Plaintiff that could work the additional hours to repay the hours for which Defendant paid, and for which Plaintiff gave a statement to that effect.

29. Defendant had a duty to disclose to Plaintiff its true intentions not to pay Plaintiff. Defendant concealed this fact, which is material to the transaction at hand.

30. Defendant had misrepresented the true terms of the contract which induced Plaintiff to perform pursuant to that contact, and to forebear from rescinding the oral contract, causing Plaintiff to devote additional hours of time working for Defendant.

31. Plaintiff believed that would perform as agreed.

32. Plaintiff justifiably relied upon these additional representations and concealments.

33. Defendant made these statements with the intent of misleading Plaintiff into relying upon these statements.

34. There was a resulting injury to Plaintiff which was directly and proximately caused by Plaintiff's reliance upon Defendant's fraudulent statements. Plaintiff's damages include extreme pain, suffering, and emotional anguish and distress, psychological injury and loss of enjoyment of life, all of which will continue into the indefinite future, entitling Plaintiff, in addition to other damages, including loss of income, and to punitive damages.

## FOURTH CAUSE OF ACTION
(Implied contract)

35. Plaintiff incorporates by reference each and every allegation made in ¶¶ 1 through 34 as though fully rewritten herein.

36. Plaintiff and Defendant entered into an agreement, which was not embodied in an express contract, but is inferred, as a fact, from the conduct of the Plaintiff and Defendant which demonstrates in the light of the surrounding circumstances, Plaintiff's and Defendant's tacit understanding. There was a meeting of the minds.

37. The implied contract was formed when Defendant accepted the work, effort, and services of the Plaintiff, which had substantial value, while knowing that Plaintiff expected compensation in the form of a credit, a reimbursement of the 387 hours that were not worked, and an internal resolution of the matter.

38. Defendant accepted the benefit of the contract which was implied in fact.

39. As a direct and proximate result of Defendant's breach of this implied contract,

Plaintiff was damaged.

## FIFTH CAUSE OF ACTION
(Equitable estoppel)

40. Plaintiff incorporates by reference each and every allegation made in ¶¶ 1 through 39 as though fully rewritten herein

41. Defendant induced Plaintiff to work extra hours in resolution of the 387 hours that were paid to Plaintiff, but which Plaintiff had not worked, based upon the representation that Defendant would credit these hours toward the resolution of the employment issues as Plaintiff as stated above.

42. This representation that Plaintiff would be allowed to work off the time claimed and not yet worked was made with the intent to mislead Plaintiff into working the extra hours on the basis stated cases.

43. Plaintiff acted in good faith reliance upon the promises made by .

44. Defendant had lulled Plaintiff into a false sense of security. Defendant is precluded from asserting certain facts whereby its conduct has induced Plaintiff to change his position in good faith reliance upon that conduct.

45. Further, as a direct and proximate cause of each of the Defendants' conduct, Plaintiff was caused to suffer damage.

## SIXTH CAUSE OF ACTION
(Promissory estoppel)

46. Plaintiff incorporates by reference each and every allegation made in ¶¶ 1 through 45 as though fully rewritten herein

47. Defendant made a clear promise, unambiguous in the terms, to Plaintiff that

-9-

Defendant and Plaintiff would resolve the matter by Plaintiff exchanging extra hours worked for the time that was claimed to have been worked, but was not worked.

48. Plaintiff justifiably relied upon Defendant's unambiguous promise.

49. Plaintiff's reliance, under the circumstances and facts set forth above, and which was made known to Plaintiff was reasonable and foreseeable.

50. The Defendant , by its conduct, has directly and proximately caused Plaintiff to be damaged.

### SEVENTH CAUSE OF ACTION
(Against Ondrik and Yamatani individually)

51. Plaintiff incorporates by reference each and every allegation made in ¶¶ 1 through 50 as though fully rewritten herein, including the claims against these Defendants pursuant to the causes of action of promissory estoppel, equitable estoppel, quasi-contract, express contract, implied contract, and fraudulent inducement.

52. Defendant Ondrik and Yamatani stepped outside of their authority as an agent of the U.S. Dept. of Commerce, and when they stepped outside of their quasi-prosecutorial function when they made a clear promise, unambiguous in the terms, to Plaintiff that Defendant and Plaintiff would resolve the matter by Plaintiff exchanging extra hours worked for the time that was claimed to have been worked, but was not worked.

53. Plaintiff justifiably relied upon Defendant's unambiguous promise.

54. Plaintiff's reliance, under the circumstances and facts set forth above, and which was made known to Plaintiff was reasonable and foreseeable.

55. Defendants Ondrik and Yamatani, by their conduct, have directly and proximately

caused Plaintiff to be damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severally, and prays that the Court grant the following relief:

(a) Enjoin the Defendant from failing or refusing to:

(i) provide sufficient remedial relief to make whole Plaintiff for the loss he has suffered as a result of the discrimination against his as alleged in this complaint; including but not limited to back pay, front pay, and any increase in benefits;

(ii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

(b) compensatory damages in an amount which exceeds $100,000.00;

(c) Award punitive damages to Plaintiff to the fullest amount that is permitted by statute;

(d) Award such additional relief as justice may require, together with Plaintiff's costs and Attorney fees, and other such relief which this Court deems just and proper.

Respectfully submitted,

_____
James Q. Butler
Attorney for Plaintiff
818 18th Street - 6th Floor
Washington, D.C. 20006
Ph: 202-223-6767/fax: 202-223-3039

JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

_____
James Q. Butler

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
JONAS N. STRICKLAND

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
CARLOS GUTIERREZ
RACHEL ONDRIK
LIRIO YAMATANI

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THE BUTLER LEGAL GROUP, PLLP
818 18th St. NW Ste 630 (202)223-6767
Washington, DC 20006

## ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of Civil Rights of 1964, 42 USC Sec. 2000e, Civil Rights Act of 1991, 42 USC sec 1981. suffered adverse employment action based upon race.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 7/14/08   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.